■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE FLUKER, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered May 23, 1973, convicting defendant, after a jury trial, of murder and criminal possession of a dangerous weapon and imposing sentence. Judgment reversed, on the law and in the interests of justice, and a new trial ordered. After deliberating for a period of time, the jury returned and the following colloquy took place: "THE COURT: You mean as to what degree?

A JUROR: Yes, Your Honor. THE COURT: Do I take it then that you're in agreement on the question of guilt or innocence? A JUROR: Yes. ANOTHER JUROR: No. ANOTHER JUROR: No. THE COURT: You're *not* in agreement as to the question of guilt or innocence? A JUROR: As to the degree. ANOTHER JUROR: As to the degree. THE COURT: Do you mean that — I asked if you're agreed on the question of guilt or innocence aside from degree. A JUROR: Yes. THE COURT: Is that what you all say? A JUROR: Yes. ANOTHER JUROR: Yes. ANOTHER JUROR: Yes. THE COURT: Is that unanimous? Is that a unanimous statement of all the jurors? A JUROR: No. ANOTHER JUROR: Your Honor. I'd like to clarify this if I may. This jury is in agreement — THE COURT: No, no, you mustn't tell us how the jurors stand except — this is not so because the juror said that it's not so that they're in agreement on the question of guilt or innocence. I understood from what juror number 5 and juror number 11 said or were about to say that the jurors are in agreement on the question of guilt or innocence but they're in disagreement as to the question of degree. A JUROR: That's right! That's correct! THE COURT: Is that correct, gentlemen? A JUROR: Yes, sir. THE COURT: Then it's only on the question of degree. A JUROR: That's right." The court thereupon explained the difference between murder and manslaughter in the first degree after which the jury was again sent out to deliberate. Some time thereafter the jury was returned to the courtroom and the following took place: " THE COURT: Gentlemen; I asked you to return to the courtroom so as to clarify something. Did you gentlemen say to me that you would unanimously agree that the defendant had committed the homicide but that you were uncertain as to whether it was murder or manslaughter in the first degree? Did you say that, gentlemen? THE FOREMAN: Yes. ANOTHER JUROR: Excuse me, Your Honor — THE COURT: No sir! Just a moment! Sit down, sir! Did you say that or did you not say that? A JUROR: I — THE COURT: No sir! Did you say that, Juror number 1? Is that what you said? THE FOREMAN: Yes sir. THE COURT: Juror number 2? JUROR #2: Yes sir. THE COURT: Juror number 3? JUROR #3: I said no. THE COURT: What is that? JUROR #3: I said no. THE COURT: *All right then, gentlemen — no, no, please return to your jury room and resume your deliberations as to the crime of murder, as to manslaughter in the first degree and as to manslaughter in the second degree!* " (emphasis added). " A JUROR: Excuse me! I think there was just a mistake when he said that. THE COURT: Now just one minute, Mr. Juror! You can't think for him. The gentleman speaks English, I suppose. A JUROR: But I think if you asked him now. THE COURT: The question is simple. Let me take one thing at a time because I asked this question three times. Certainly twice. And each time the jurors nodded in assent, in agreement; Juror #3 didn't utter a single word in dissent. Now, are the jurors in agreement that the defendant shot and killed George Wilson? A JUROR: Yes. THE COURT: Juror number 1? JUROR #1: Yes. THE COURT: Number 2? JUROR #2: Yes sir. THE COURT: Number 3? What is that? JUROR #3: Yes. THE COURT: Number 4? JUROR #4: Yes — THE COURT: Number 5? JUROR #5: Yes. THE COURT: Number 6? JUROR #6: Yes. THE COURT: Number 7? JUROR #7: Yes. THE COURT: Number 8? JUROR #8: Yes. THE COURT: Number 9? JUROR #9: Yes. THE COURT: Number 10? JUROR #10: Yes. THE COURT: Number 11? JUROR #11: Yes. THE COURT: Number 12? JUROR #12: Yes. THE COURT: So you are uncertain, you have not yet decided, let me say, as to whether it is murder or manslaughter in the first degree, is that correct? THE FOREMAN: Yes. THE COURT: Juror number 1? JUROR #1: Yes. THE COURT: Number 2? JUROR #2: Yes. THE COURT: Number 3? JUROR #3: Yes. THE COURT: Number 4? JUROR #4: Yes. THE COURT: Number 5? JUROR #5: Yes. THE COURT: Number 6? JUROR #6: Yes. THE COURT: Number

7? JUROR #7: Yes. THE COURT: Juror number 8? JUROR #8: Yes. THE COURT: Number 9? JUROR #9: Yes. THE COURT: Number 10? JUROR #10: Yes. THE COURT: Number 11? JUROR #11: Yes. THE COURT: Juror number 12? JUROR #12: Yes." It is not at all clear from the foregoing that juror No. 3 was really in agreement on a guilty verdict. He may well have finally agreed to a guilty verdict because of the court's statements. Since there is at least a reasonable possibility that the jury's agreement was a product of coercion, however innocent, a new trial must be held (cf. *People* v. *Sheldon*, 156 N. Y. 268; *People* v. *Faber*, 199 N. Y. 256). Furthermore, after having determined in his own mind that the jury had agreed upon a guilty verdict but was uncertain as to the degree and after having directed them to return a verdict of guilty he then revealed that he had a note from one of the jurors. The record reveals the following in that regard: "I thought we were correct, Mr. Aronson. So that that remains for you to deliberate upon. Now, I have this note. ' One of our jurors —' I didn't know there was one; maybe there is one, I don't know. ' One of our jurists [*sic*] would like to have the testimony of Herbert Rivers. Please read the testimony of Herbert Rivers!' Is there any particular portion of the testimony of Mr. Rivers?" Since the testimony then read to the jury might have influenced the kind of verdict they would render — and since by that time, under the instructions of the court, they were precluded from returning a verdict of not guilty, the judgment of conviction is vulnerable in that regard also. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.